**Sheng Tuo JIANG, Petitioner,**

v.

**Alberto R. GONZALES,[1] Respondent.**

**No. 03–4947–ag NAC.**

United States Court of Appeals,
Second Circuit.

Oct. 19, 2006.

Thomas V. Massucci, New York, NY, for Petitioner.

For Respondent: Because the Court did not receive a brief from the respondent

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as a respondent in this case.

within fifteen days of the September 1, 2006 due date specified in the scheduling order issued on July 19, 2006 this case has been decided without the benefit of respondent's brief. See Local Rule § 0.29(d).

Present PIERRE N. LEVAL, GUIDO CALABRESI and CHESTER J. STRAUB, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is GRANTED, the BIA's decision is VACATED, and the case is REMANDED to the BIA for further proceedings consistent with this order.

Sheng Tuo Jiang, a native and citizen of China, seeks review of a May 13, 2003 order of the BIA partially adopting the July 9, 2002 decision of immigration judge ("IJ") William Van Wyke denying Jiang's applications for asylum, withholding of removal, and relief under the Convention Against Torture. *In re Sheng Tuo Jiang*, No. A77 322 787 (B.I.A. May 13, 2003), *aff'g* A77 322 787 (Immig. Ct. N.Y. City July 9, 2002). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA affirms the IJ's decision in some respects but not others, this Court reviews the IJ's decision as modified by the BIA decision. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir.2005). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 406 (2d Cir.2005); *Tian–Yong Chen v.*

*INS*, 359 F.3d 121, 129 (2d Cir.2004); *see also Xiao Ji Chen v. U.S. Dep't of Justice*, 434 F.3d 144, 158 (2d Cir.2006) (agreeing with this principle but avoiding remand, in spite of deficiencies in an adverse credibility determination, because it could be confidently predicted that the IJ would adhere to the decision were the case remanded).

■ This Court has held that when deciding a claim for asylum and related relief, the agency must first determine whether an applicant is credible and then whether the applicant has met his or her burden of proof; failure to make an explicit credibility finding may be a ground for vacatur. *Diallo v. INS*, 232 F.3d 279, 290 (2d Cir.2000). Here, the IJ failed to comply with the first prong. The IJ noted that he had doubts as to Jiang's credibility (observing that Jiang's role in the Falun Gong printing scheme seemed to diminish as his testimony progressed, and that Jiang's testimony about his relationship with his brother was also progressively more vague), but did not make an explicit credibility determination. The IJ observed that background material in the record indicated that the Chinese government is "fanatical and obsessive" about eliminating Falun Gong members. The IJ also noted that even if Jiang's story were true, he did not think that even malicious Chinese authorities would continue to seek his arrest, as Jiang was "an extremely small fish in the pond they were trying to drain." The IJ ultimately concluded that Jiang did not provide sufficiently detailed testimony regarding the facts upon which his claim was premised.

■ While the vagueness of testimony may be an independent basis for denying a claim irrespective of credibility, this is so only where the testimony does not identify facts corresponding to each of the elements on which the applicant has the burden of proof. *See Jin Chen v. U.S.*

*Dep't of Justice,* 426 F.3d 104, 114 (2d Cir.2005); *Jin Shui Qiu v. Ashcroft,* 329 F.3d 140, 151 (2d Cir.2003). Here, Jiang testified to the basic elements of a claim based on an imputed affiliation with Falun Gong: that he worked in a factory that was printing Falun Gong materials, he was discovered by the police and detained, interrogated about his knowledge of the Falun Gong printing scheme, and beaten repeatedly. Because the IJ's credibility concerns do not relate to the dispositive elements of Jiang's claim, and because his finding that Jiang's activities were too minor to induce punishment was speculation (as there is no evidence in the record indicating that Chinese officials do not punish people only tangentially affiliated with the Falun Gong movement), his determination that Jiang failed to meet his burdens of proof is not substantially supported by the record. *See Edimo–Doualla v. Gonzales,* 464 F.3d 276, 285–87 (2d Cir.2006) (stating that in the absence of an explicit credibility determination by the IJ and regardless of the IJ's intended relevance of his credibility concerns, such concerns did not undermine applicant's claim of persecution). Remand to the BIA for further consideration of Jiang's claims for asylum, withholding of removal, and CAT relief is thus necessary.

For the foregoing reasons, the petition for review is GRANTED, the BIA's decision is VACATED, and the case is REMANDED to the BIA for further proceedings consistent with this order. Having completed our review, the pending motion for a stay of removal in this petition is DENIED as moot.